IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHERITA DANIEL,

    Plaintiff,

v.

DEKALB COUNTY SCHOOLS a/k/a
DeKalb County School System,

    Defendant.

CIVIL ACTION NO.
1:08-CV-1780-GET-CCH

## **O R D E R**

The above-captioned action is before the Court on Defendant's Motion to Quash Notice of Deposition and for Protective Order [27], Plaintiff's Motion to Stay Proceedings and Motion to Modify Current Order [32], and Plaintiff's Motion to Respond to Defendant's Motion for Summary Judgment after Court's Ruling on Discovery [38]. For the reasons set forth below, Defendant's Motion to Quash Notice of Deposition and for Protective Order [27] is **DENIED**, Plaintiff's Motion to Stay Proceedings and Motion to Modify Current Order [32] is **DENIED AS MOOT,** and Plaintiff's Motion to Respond to Defendant's Motion for Summary Judgment after Court's Ruling on Discovery [38] is **GRANTED**.

I.  Defendant's Motion to Quash Notice of Deposition and for Protective Order

The Defendant has filed a Motion to Quash Notice of Deposition and for Protective Order [27] ("Motion to Quash") in which it seeks a Protective Order from the Court quashing the Notice of Deposition of Dr. Crawford Lewis, which was noticed by Plaintiff for March 6, 2009, and ordering that the deposition of Dr. Lewis not go forward.  According to Defendant, counsel for Plaintiff was aware that the date noticed for Dr. Lewis's deposition was inconvenient for defense counsel, but counsel for Plaintiff refused to reschedule the deposition to a more convenient date. Defendant also argues that Dr. Lewis has "little or no direct knowledge of the matters at issue in this case."  Def. Br. at 3.

The Court reminds the parties of the requirements of the Scheduling Order [10] entered in this action on November 7, 2008, which provided, in relevant part:

> In addition, **in the event that a discovery dispute arises between the parties, counsel and *pro se* litigants are required to contact the chambers of the undersigned by telephone to arrange a telephone conference before filing a motion.**  Motions to compel, motions for protective order, motions for sanctions or any other motion arising out of a dispute over any discovery matter should ordinarily not be filed without a prior conference with the Court.

2

Scheduling Order [10] (emphasis in original). In the Motion to Quash, counsel for Defendant does not explain why this express requirement of the Scheduling Order was not followed before filing the Motion to Quash.[1]

In addition, the Court notes that the discovery period was re-opened and extended through April 24, 2009 [30], and the parties had ample time to find a mutually agreeable time and date to schedule the deposition of Dr. Lewis before the expiration of the discovery period.

Accordingly, because Defendant failed to comply with the Scheduling Order and failed to offer an explanation for not complying with the Scheduling Order, the Motion to Quash [27] is **DENIED**. Defendant is **ORDERED** to make the witness available for deposition at a mutually agreeable date and time within **thirty (30) days** of the date of this Order.

---

[1] Defendant has also failed to comply with the requirement set forth in the Local Rules and expressly ordered in the Scheduling Order [10] that paper courtesy copies of all summary judgment motions and responses, including exhibits, be delivered to the assigned judge. See Scheduling Order [10] at 2. The Court advises the parties to read Orders of the Court, and to comply with the requirements of such Orders, as well as with the requirements of the Local Rules, in the future.

3

II.	Motion to Stay Proceedings and Motion to Modify Current Order

Plaintiff has filed a Motion to Stay Proceedings and Motion to Modify Current Order [32] seeking an Order from the Court staying all proceedings in this matter until the Court has ruled on the Defendant's Motion to Quash. According to Plaintiff, counsel for Defendant refused to reschedule the deposition of Dr. Lewis until the Court ruled on the Defendant's Motion to Quash.

The Court has denied Defendant's Motion to Quash herein and finds that Plaintiff has provided no reason to enter a complete stay of the proceedings based on the parties' inability to reach an agreement as to the scheduling of one deposition. Furthermore, because the Court is ordering herein that the Defendant make Dr. Lewis available for a deposition, that the discovery period be re-opened and extended for an additional thirty days, and that the time be extended for Plaintiff to file a response to Defendant's Motion for Summary Judgment, Plaintiff's request for a stay is moot. Accordingly, Plaintiff's Motion to Stay Proceedings and Motion to Modify Current Order [32] is **DENIED AS MOOT**.

III. <u>Motion to Respond to Defendant's Motion for Summary Judgment after Court's Ruling on Discovery</u>

Finally, Plaintiff has filed a Motion to Respond to Defendant's Motion for Summary Judgment after Court's Ruling on Discovery [38]. Defendant filed a Motion for Summary Judgment [34] on May 14, 2009, and Plaintiff argues that she should not be required to file a response to Defendant's Motion for Summary Judgment until Defendant's Motion to Quash has been resolved by the Court and the Plaintiff has had an opportunity to take the deposition of Dr. Lewis.

For good cause shown, Plaintiff's Motion to Respond to Defendant's Motion for Summary Judgment after Court's Ruling on Discovery [38] is **GRANTED**. The discovery period is re-opened and extended until **October 2, 2009**. Plaintiff is **ORDERED** to file a response to Defendant's Motion for Summary Judgment by **November 2, 2009**. Thereafter, Defendant shall have **ten (10) days** after service of Plaintiff's response in which to file a reply brief in support of its Motion for Summary Judgment.

All requests for costs and attorney's fees in connection with the above-referenced motions are **DENIED**.

IT IS SO ORDERED this 1st day of September, 2009.

$_____$
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE